UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| In the Matter of:<br><br>Matthews 350 E LaSalle, LLC<br>　　　　*Debtor(s)*<br>Commerce Center Development, LLC<br>　　　　*Debtor(s)* | Case No. 26-30288-pes<br>Chapter 11<br><br>(Jointly Administered) |
| Redevelopment Commission of the City of South Bend, Indiana,<br>　　　　*Plaintiff,*<br><br>　　v.<br><br>Commerce Center Development, LLC;<br>Matthews 350 E LaSalle, LLC;<br>DMTM, Inc.; and<br>Matthews LLC,<br>　　　　*Defendants.* | Adv. Pro. No. 26-3011-pes |

## PLAINTIFF'S MOTION TO REMAND AND ABSTAIN

Plaintiff, Redevelopment Commission of the City of South Bend, Indiana (the "Commission"), by counsel, respectfully moves this Court for entry of an Order abstaining under 28 U.S.C. § 1334(c)(2) or remanding under 28 U.S.C. § 1452(b) this removed action to the St. Joseph Superior Court, and in support states as follows:

1.      This proceeding arises from a civil action originally filed by the Commission in the St. Joseph Superior Court, Cause No. 71D07-2301-PL-000020, on January 20, 2023 (the "State Action").

2.      The state court action asserts claims under Indiana law, including breach of contract and related theories arising from a Development Agreement dated January 12, 2017. (ECF No. 1-2 at 7-28.)

3.      The Commission alleges that Defendants failed to complete a development project as required by the Development Agreement and therefore seeks damages. (*Id*.)

4.      The action involves four Defendants. Two Defendants are debtors in the above-captioned Chapter 11 case, and two Defendants are non-debtors.

5.      The state court action was pending and actively litigated prior to removal, with nearly all substantive rulings going in favor of the Commission.

6.      On April 3, 2026, certain Defendants filed a Notice of Removal purporting to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1334, 1441, 1452, and Fed. R. Bankr. P. 9027.

7.      On April 16, 2026, the Commission timely filed its statement pursuant to Fed. R. Bankr. P. 9027(e)(3), expressly declining to consent to this Court hearing and determining the removed action or entering final orders or judgments.

8.      Under 28 U.S.C. § 1334(c)(2), the court is required to abstain when certain criteria are met.

9.      Abstention in this case is required because:

a.  The motion to abstain is timely;

b.  The State Action is based on state law;

c.  The State Action was commenced in an Indiana court;

d.  The State Action can be timely adjudicated in state court; and

e.  This matter is a non-core proceeding.

*See LaRoche Indus., Inc. v. Orica Nitrogen, L.L.P. (In re LaRoche Indus., Inc.)*, 312 B.R. 249, 252-53 (Bankr. D. Del. 2004).

10.     Under 28 U.S.C. § 1452(b), this Court may remand a removed claim or cause of action "on any equitable ground."

11.     Remand is warranted here on equitable grounds, including but not limited to the following reasons:

a.  There will be little to no effect on the efficient administration of the estate if a Court recommends abstention;

b.  The removed action was filed in state court and involves exclusively state law claims governed by Indiana law, which predominate over bankruptcy issues;

c.  There is no independent jurisdictional basis for the court over the State Action;

d. The action was commenced and has been pending in state court since January 2023, prior to the filing of the bankruptcy cases;

e. The action involves non-debtor Defendants;

f. The removed action is, at most, a non-core proceeding only "related to" the bankruptcy case;

g. The Commission has expressly declined to consent to this Court's hearing and determination of the removed action or entry of final orders or judgments;

h. There is a substantial likelihood that debtors are forum shopping; and

i. Other considerations of comity and lack of prejudice support remand.

*See Matter of Chicago, Milwaukee, St. Paul & Pac. R. Co.,* 6 F.3d 1184, 1189 (7th Cir. 1993); *Baxter Healthcare Corp. v. Hemex Liquidation Trust*, 132 B.R. 863, 868 (N.D. Ill. 1991).

12. These circumstances demonstrate that even if this Court has "related to" jurisdiction pursuant to 28 U.S.C. § 1334, remand is appropriate and in the interests of justice.

WHEREFORE Plaintiff, the Redevelopment Commission of the City of South Bend respectfully requests that the Court enter an Order abstaining from the exercise of jurisdiction in this case, remanding the State Action to the St. Joseph County Superior Court No. 7, Indiana, and granting all other just and proper relief.

Dated: May 4, 2026

Respectfully Submitted,

*/s/ Matthew J. Anderson*
Katherine E. Iskin (33679-71)
Matthew J. Anderson (27511-71)
**MAY OBERFELL LORBER LLP**
4100 Edison Lakes Parkway, Suite 100
Mishawaka, IN 46545
Telephone: 574-243-4100
E-mail: kiskin@maylorber.com
        manderson@maylorber.com

## CERTIFICATE OF SERVICE

I certify that on May 4, 2026, a copy of the foregoing was filed electronically with the Clerk using the CM/ECF System, which sent notification of such filing to all counsel of record.

*/s/ Matthew J. Anderson*
Matthew J. Anderson (27511-71)