Filed: 4/11/2025 9:58 AM
Clerk
St. Joseph County, Indiana

STATE OF INDIANA )  IN THE ST. JOSEPH COUNTY SUPERIOR
        )SS: COURT
COUNTY OF ST. JOSEPH )  CAUSE NO. 71D__-2504-MF-_____

**71C01-2504-MF-000131**

| | |
|---|---|
| KEYBANK NATIONAL ASSOCIATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MATTHEWS 350 E LASALLE LLC d/b/a 300 E | ) |
| LASALLE and d/b/a 300 EAST LASALLE; | ) |
| DAVID M. MATTHEWS; COMMERCE CENTER | ) |
| DEVELOPMENT, LLC; SAVVY IN LLC; and | ) |
| DW SOUTH BEND, LLC, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, KeyBank National Association ("KeyBank"), by counsel, for its Complaint against Defendants: Matthews 350 E LaSalle LLC d/b/a 300 E LaSalle and d/b/a 300 East LaSalle (referred to herein as the "Borrower"); David M. Matthews ("Matthews" or "Guarantor");Commerce Center Development, LLC ("CCD"); DW South Bend, LLC ("DW South Bend") and Savvy IN LLC ("Savvy IN") (collectively referred to herein as the "Defendants"), alleges and states as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1. KeyBank is an Ohio financial institution, having its principal place of business in Cleveland, Ohio.

2. Borrower is an Indiana limited liability company with its principal place of business in South Bend, Indiana.

3. Upon information and belief, David M. Matthews is an individual believed to be a St. Joseph County, Indiana resident.

Exhibit 3

4.    CCD is an Indiana limited liability company with its principal place of business in South Bend, Indiana.

5.    DW South Bend is a Delaware limited liability company having an address of 590 Madison Avenue, 13th Floor, New York, New York 10222.

6.    Savvy IN LLC is an Indiana limited liability company with a principal office address of 17962 Foxborough Lane, Boca Raton, FL 33946. .

7.    The Court has jurisdiction over the parties hereto and the subject matter hereof. Venue is proper in St. Joseph County, Indiana.

**COUNT I-LOAN AGREEMENT, PROMISSORY NOTE, GUARANTEE AND FORBEARANCE AGREEMENTS**

8.    On or about June 3, 2022, the Borrower delivered to KeyBank an Interim Loan Agreement (as the same has been modified from time to time, the "Loan Agreement") pursuant to which  KeyBank made a loan to the Borrower in the original principal amount of Thirty-Three Million Dollars ($33,000,000.00)(the "Loan")  A true, correct and authentic copy of the Loan Agreement is attached hereto as Exhibit "A".

9.    The Loan is evidenced by a promissory note delivered by the Borrower to KeyBank dated June 3, 2022 in the original principal amount of $33,000,000 (the "Promissory Note"). A true, correct and authentic copy of the Promissory Note is attached hereto as Exhibit "B".

10.   On or about June 3, 2022, Matthews executed and delivered to KeyBank a Payment and Performance Guarantee (the "Guarantee"). Pursuant to the terms of the Guarantee, Matthews unconditionally guaranteed full and prompt payment of all amounts due under the Loan Documents (as hereinafter defined). A true, correct and authentic copy of the Guarantee is made a part hereof and is attached hereto as Exhibit "C".

Exhibit 3

11.     The Borrower is in default under the terms of the Loan Agreement and Promissory Note for among other things, failing to make payments to KeyBank as required by the Promissory Note and failing to comply with certain other conditions of the Loan Documents.

12.     On October 9, 2024, Borrowers, Matthews and CCD entered into a Forbearance Agreement with KeyBank. Pursuant to Section 8.11 of the Forbearance Agreement, the Borrowers, Matthews and CCD agreed to the following:

a.     Consented to the appointment of a receiver for any or all of their respective Personal Property and the Real Estate (as defined in Section III below) with the power to sell such Personal Property or Real Estate, as the case may be;

b.     Waived any and all rights of redemption that the Borrower or CCD may have under federal or Indiana law concerning the Personal Property or Real Estate; and

c.     Agreed to execute an Agreed Judgment and Decree of Foreclosure which was to be tendered to the applicable court with the filing of a lawsuit.

A true, correct and authentic copy of the Forbearance Agreement is attached hereto as Exhibit "D". A First Modification to Forbearance Agreement was entered into on December 9, 2024. A Second Modification to Forbearance Agreement was entered into on February 7, 2025. True and accurate copies of the First and Second Modifications to Forbearance Agreements are attached hereto as Exhibits D1 and D2.

13.     Under the terms of the Second Modification to Forbearance Agreement, the Forbearance Period expired on April 9, 2025, at which point all of the obligations owed pursuant to the Loan Documents were fully due and payable.

14.     Borrower has failed to comply with the terms of the Loan Documents, including the failure to pay to KeyBank all of the obligations owed prior to the expiration of the Forbearance Period.

15.     As of March 26, 2025,, the Borrowers are indebted to KeyBank pursuant to the Loan Agreement and Promissory Note in the principal amount of $32,596,085.81 plus accrued interest in the amount of $909,833.53, with  interest continuing to accrue from March 26, 2025 at the rate of $6,627.87 per diem.

16.     Under the terms of the Loan Agreement and Promissory Note, KeyBank is also entitled to recover its reasonable attorney fees, expenses, and all other costs of collection from the Borrower.

17.     All promissory and non-promissory conditions to the indebtedness evidenced by the Loan Agreement and Promissory Note have been performed, have occurred, or have been excused, and the entire indebtedness is currently due and owing.

18.     The Borrower has no set offs or counterclaims against the indebtedness due and owing by it to KeyBank.

WHEREFORE, KeyBank National Association, by counsel, prays that the Court enter judgment against the Borrower and Guarantor, jointly and severally, in the total aggregate principal amount of $32,596,085.81 plus accrued interest of $909,833.53 as of March 26, 2025, with interest continuing to accrue thereafter until the date of judgment at the aggregate rate of $6,627.87 per diem, together with reasonable attorneys' fees and costs of collection, plus the costs of this action, all without relief from valuation and appraisement laws, and that the Court grant all other relief just and proper in the premises.

Exhibit 3

## COUNT II-REPLEVIN PERSONAL PROPERTY AND FORECLOSURE SECURITY INTEREST

KeyBank, by counsel, for Count II of its Complaint against the Borrower and Defendants, alleges and states as follows:

19.     KeyBank incorporates by reference its allegations in Paragraphs 1 through 17 of Count I of its Complaint as if fully set forth herein.

20.     To secure payment of Borrower's obligations to KeyBank pursuant to the Interim Loan Agreement and Promissory Note, Borrower executed a Mortgage, Assignment of Leases and Rents, Assignment of Contracts, Security Agreement and Fixture Filing dated June 3, 2022 (hereinafter referred to as the "Mortgage"). Pursuant to the Mortgage, Borrower granted to KeyBank a security interest in all of the personal property of the Borrower, as more fully described in the Mortgage, a true and accurate copy of which is attached hereto as Exhibit "E".

21.     To perfect its security interest in the Collateral, KeyBank filed a UCC Financing Statement with the Indiana Secretary of State on June 6, 2022 as Instrument Number 202206062942334. A true, correct and authentic copy of the Financing Statement is attached hereto, made a part hereof and attached as Exhibit "F".

22.     Based upon Borrower's default under the terms of the Loan Documents, KeyBank is entitled to immediate possession of the Collateral, which Collateral is being unlawfully detained, and KeyBank is entitled to sell such Collateral and apply all net proceeds to the debt due and owing from Borrower.

23.     The Collateral has not been taken for tax, assessment or a fine pursuant to statute, or seized under an execution or attachment against any property of KeyBank.

WHEREFORE, KeyBank respectfully requests that this Court grant judgment in favor of KeyBank and against the Borrower and Defendants as follows:

5
Exhibit 3

1.      Granting KeyBank immediate possession as against the Defendants or any other parties in possession of such Collateral;

2.      Declaring that KeyBank's prior perfected security interest is a valid and enforceable lien against the Collateral, and that such security interest is prior and superior to the interest in the Collateral asserted by the Defendants or any other persons;

3.      For judgment in favor of KeyBank and against the Borrower and Guarantor, jointly and severally, in the total aggregate principal amount of 32,596,085.81 plus accrued interest of $909,833.53 as of March 26, 2025, with interest continuing to accrue thereafter until the date of judgment at the aggregate rate of $6,627.87 per diem, together with reasonable attorneys' fees and costs of this action.

4.      Declaring that there exists no legal cause why KeyBank may not conduct a non-judicial sale of the Collateral described about, pursuant to Indiana Code § 26-1-101, *et. seq.*, and apply all net proceeds derived from the liquidation of such property to the amounts due and owing to KeyBank from the Borrower and Guarantor;

5.      Order that, upon request of KeyBank, the Sheriff of St. Joseph County, or any other court in which the above described Collateral, or any of it, may be found, shall seize and take into custody the above described Collateral and deliver such property forthwith to KeyBank; and

6.      Granting all other relief just and proper in the premises.

### COUNT III- FORECLOSURE OF MORTGAGES

KeyBank, by counsel, for Count III of its Complaint against the Borrower and Defendants, alleges and states as follows:

24.      KeyBank incorporates by reference its allegations in Paragraphs 1 through 23 of Count I and II of its Complaint as if fully set forth herein.

25.      On or about June 3, 2022, CCD was the fee owner of certain real property located in St. Joseph County, Indiana more particularly described as follows:

> Parcel I: Lot Numbered Three (3) in Commerce Center Minor Subdivision, as per plat thereof recorded December 30, 2019 as Instrument Number 2019-34703 in the Office of the Recorder of Saint Joseph County, Indiana.

Parcel II: Non-exclusive Easement for access as set forth in an instrument by and between Commerce Center Development, LLC and Matthews 350 E LaSalle LLC dated April 2, 2020 and recorded April 29, 2020 in Instrument Number 2020-10418 in the Office of the Recorder of Saint Joseph County, Indiana.

(hereinafter referred to as the "Real Estate").

26.     Pursuant to that certain Ground Lease dated October 30, 2019 by and between Borrower and CCD (the "Ground Lease"), at all times relevant herein Borrower leased the entirety of the Real Estate.

27.     To secure Borrower's obligations to KeyBank, on or about June 3, 2022 Borrower, as Ground Lessor, executed and delivered to KeyBank the Mortgage, mortgaging, warranting and assigning to KeyBank the Real Estate and  the Ground Lease,  together with all rights, privileges, interests, easements, hereditaments, appurtenances, improvements and fixtures now of hereafter located upon or appertaining to the Real Estate, and all rents, issues, income and profits thereof. CCD joined in the Mortgage and subordinated all of its rights, title and interest in the Real Estate to the interests of KeyBank.  The Mortgage was recorded on June 7, 2022 and recorded as Instrument Number 2022-10416 in the Office of the Recorder of St. Joseph County.

28.     The Mortgage provides, inter alia, that in the event of a default pursuant to the Promissory Note or any other document evidencing indebtedness by the Borrower owed to KeyBank, KeyBank may declare all unpaid indebtedness secured by the Mortgage immediately due and payable.

29.     The Mortgage also provides that, in the event of default pursuant to the Promissory Note or other document evidencing indebtedness owed by Borrower to KeyBank, KeyBank shall be entitled to collect from Borrower and the mortgaged Real Estate, KeyBank's

attorneys' fees and costs of collection, plus all costs of preserving and selling the Real Estate, including but not limited to, any costs of title work and insurance.

30.     The Borrower is in default under the terms of the Loan Agreement and Promissory Note based upon, without limitation, failing to make payment to KeyBank as required by the Promissory Note.

31.     The Borrower does not have any set-offs or counterclaims against the indebtedness due and owing by it to KeyBank pursuant to the Promissory Note.

32.     Pursuant to the Mortgage and the Forbearance Agreement, Borrower and CCD each has consented to the appointment of a receiver over the Real Estate; has consented that KeyBank may collect all rents related to the Real Estate; and that KeyBank has all rights and remedies of a secured party under the Uniform Commercial Code as to all personal property related to the Real Estate.

33.     DW South Bend is named a defendant herein to assert its interest in the Real Estate arising pursuant to that certain Fee and Leasehold Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated October 30, 2019 and recorded in the Office St. Joseph County, Indiana Recorder on November 1, 2019 as Instrument No. 2019-28440.

34.     Savvy IN is named as a defendant herein to assert its interest in the Real Estate arising pursuant to that certain Tax Sale Certificate #712401627 issued by St. Joseph County, Indiana as a result of a tax sale of the Real Estate that occurred on or about August 23, 2024. A true and accurate copy of the Tax Sale Certificate is attached hereto as Exhibit "G".

WHEREFORE, KeyBank, by counsel, respectfully requests that this Court grant judgment in favor of KeyBank as follows:

1.     For an order foreclosing the Mortgage attaching to the Real Estate as a valid lien against the Real Estate, and adjudicating the priority of all interests in the

Exhibit 3

Real Estate held by any party to this action and foreclosing the rights of all such parties in and to the Real Estate;

2.    For an order foreclosing and forever barring all of the Defendants respective rights, title, and interest in the Real Estate, including any Defendants equity of redemption, together with all rights, title and interest of any person or entity claiming from, under or through any of the Defendants;

3.    Ordering the sale of the Real Estate by the Sheriff of St. Joseph County, Indiana to pay first all the expenses of sale and costs of preserving the Real Estate and then to satisfy the judgment of KeyBank with the remainder, if any, to other parties asserting an interest in the Real Estate in order of their priority, without relief from valuation or appraisement laws, and empowering KeyBank to bid for the Real Estate with the indebtedness adjudged to be due KeyBank;

4.    Ordering the Sheriff of St. Joseph County, Indiana to execute and deliver a Sheriff's Deed or Deeds regarding the Real Estate, and also directing the Sheriff of St. Joseph County, Indiana to provide in such Deed(s) that any person or persons claiming from, under or through any of the Defendants who may be in possession of the applicable Real Estate, or any part thereof, shall be required upon demand and exhibition of such Deed(s) or copy thereof, to surrender full and peaceful possession of the applicable Real Estate to the holder of such Deed(s) and that, if such person or persons fail to do so, ordering the Sheriff of St. Joseph County, Indiana to enter the applicable Real Estate and eject and remove such persons therefrom and put the party holding such Sheriff's Deed(s) or its assignees in full, peaceful and quiet possession of the applicable Real Estate without delay;

5.    Granting all other relief just and proper in the premises.

## COUNT IV- APPOINTMENT OF A RECEIVER OVER THE REAL ESTATE

Plaintiff, KeyBank, by counsel, for Count IV of its Complaint alleges and states as follows:

35.    KeyBank incorporates by reference its allegations contained in paragraphs 1 through 34 of its Complaint as if set forth fully herein.

36.    Pursuant to Indiana Code § 32-30-5-1 *et seq.*, this Court should immediately appoint a qualified and competent receiver over the Real Estate as duly authorized in and consented to by Borrower in the Mortgage, and to secure the rents assigned by Borrower to KeyBank in the Mortgage.

37.     Pursuant to Indiana Code §32-30-5-1(4)(C), the appointment of a Receiver is mandatory when "either the mortgagor or the owner of the property has agreed in the mortgage or in some other writing to the appointment of a receiver."

38.     Borrower, as the mortgagor and the ground lessor of the Real Estate; and CCD, the fee owner of the Real Estate; each consented to the appointment of a receiver over the Real Estate in the Mortgage, which provides that upon an event of default under the Loan Documents, KeyBank shall have the right and power to petition for the appointment of a receiver over the Real Estate, as a matter of right without regard to the solvency of the Borrower, to preserve the Real Estate and collect rents, issues and profits.  Borrower, CCD and Guarantor also agreed to the appointment of a receiver in the Forbearance Agreement.

39.     Pursuant to Indiana Code § 32-30-5-1(3), the appointment of a receiver is mandatory when the subject property "is in danger of being lost, removed, or materially injured."  KeyBank has serious and legitimate concerns regarding the use and management of the Real Estate during this foreclosure action, which is likely to result in damage to the Real Estate and a decrease in the value of the Real Estate if a receiver is not appointed to control and manage the Real Estate during this foreclosure action.

40.     The court appointed receiver over the Real Estate should be given all powers necessary and usual in such cases for the protection, possession, control, use, and management of the Real Estate for the benefit of KeyBank.

39.     This Court should schedule an immediate hearing on this request for an appointment of receiver to best preserve the Real Estate.

**WHEREFORE**, KeyBank, by counsel, respectfully prays that this Court:

1.     set a hearing on KeyBank's Motion for Appointment of Receiver over Real Estate at the earliest practical date and time; and

2.     grant all other relief just and proper in the premises.

10
Exhibit 3

Respectfully submitted,

TUOHY BAILEY & MOORE LLP

BY:   */s/ Christopher C. Hagenow*
Christopher C. Hagenow, Attorney No. 16730-49
Miranda Weiss Bernadac, Attorney No. 30907-49
Tuohy Bailey & Moore LLP
9294 N Meridian Street
Indianapolis, Indiana 46260
Telephone:  317.638.2400
Facsimile:  317.633.6618
chagenow@tbmattorneys.com
mbernadac@tbmattorneys.com
Attorney for KeyBank National Association

*I42048tv*

11
Exhibit 3