UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| In the Matter of:<br><br>    Matthews 350 E LaSalle, LLC<br>    *Debtor(s)*<br><br>    Commerce Center Development, LLC<br>    *Debtor(s)* | Case No. 26-30288-pes<br>Chapter 11<br><br>(Jointly Administered) |
| Redevelopment Commission of the City of South Bend, Indiana,<br><br>    *Plaintiff*,<br><br>v.<br><br>Commerce Center Development, LLC; Matthews 350 E LaSalle, LLC; DMTM, Inc.; and Matthews LLC,<br><br>    *Defendants.* | Adv. Pro. No. 26-03011-pes |

**DEBTORS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND AND ABSTAIN**

Debtors/Defendants, Matthews 350 E LaSalle LLC d/b/a 300 E. LaSalle d/b/a 300 East LaSalle ("**Matthews 350**") and Commerce Center Development, LLC ("**CCD**", together, the "**Debtors**"), for their response in opposition to *Plaintiff's Motion to Remand and Abstain* [Filing No. 11], filed by Plaintiff, Redevelopment Commission of the City of South Bend, Indiana (the "**Commission**"), state as follows:

**PRELIMINARY STATEMENT**

The Commission seeks remand of this matter for the precise reason that it accuses Debtors of having removed it – the Commission prefers the state court venue and judge and wants this matter remanded because the Commission is forum shopping. The

Commission also ignores in its efforts to have this matter remanded that this Court will necessarily have to make a decision on its claims due to it having filed proofs of claims, to which Debtors have already informed the Court they will object.

As set forth herein below, mandatory abstention is not required and collectively the factors for permissive abstention weigh heavily against remand.

## PROCEDURAL HISTORY

1. On January 20, 2023, the Commission initiated a cause of action, in St. Joseph Superior Court (the "**State Court**") under Cause No. 71D07-2301-PL-000020 (the "**State Court Action**"), by the filing of its *Complaint* against CCD, only. The State Court Action is in regard to a certain Development Agreement, dated January 12, 2017, between the Commission and CCD (the "**Development Agreement**").

2. On April 26, 2023, in response to a Motion to Dismiss filed by CCD, the Commission filed an *Amended Complaint* in the State Court Action, with was again only against CCD and in regard to the Development Agreement.

3. After years of litigation in the State Court Action, on October 29, 2025, the Commission filed a *Motion to Amend Complaint*, seeking to amend its complaint for a second time, but in this instance to add the following three (3) new defendants, "all of whom are affiliates of Defendant Commerce Center Development, LLC" [*Motion to Amend Complaint* p. 1]: (i) Matthews 350, (ii) DMTM, Inc. ("**DMTM**"), and (iii) Matthews LLC ("**Matthews LLC**"; collectively with CCD, Matthews 350, and DMTM, the "**State Court Defendants**").

4. On February 5, 2026, over the objection of CCD, the State Court granted the Commission's *Motion to Amend Complaint*, and the Commission subsequently filed

its *Second Amended Complaint* on February 10, 2026 (the "**Second Amended Complaint**").

5.    On March 2, 2026, CCD filed *Defendant Commerce Center Development, LLC's Motion for 14-Day Enlargement of Time to Respond to Plaintiff's Second Amended Complaint* in the State Court Action, which was granted by the State Court that same day.

6.    On March 9, 2026, Matthews 350 filed *Matthews 350 E LaSalle, LLC's Notice of Initial Automatic Enlargement of Time to Answer or Otherwise Respond to Plaintiff's Second Amended Complaint* in the State Court Action.

7.    On March 10, 2026, DMTM and Matthews LLC filed *DMTM, Inc. and Matthews LLC's Notice of Initial Automatic Enlargement of Time to Answer or Otherwise Respond to Plaintiff's Second Amended Complaint* in the State Court Action.

8.    On March 10, 2026 (the "**Petition Date**"), Debtors each filed a Voluntary Petition under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

9.    On March 19, 2026, the Bankruptcy Court entered an *Order for Joint Administration* [Bankruptcy Case Filing No. 38], wherein the Bankruptcy Court ordered Debtors cases to be jointly administered under the Matthews 350 case, Case No. 26-30288-pes (the "**Bankruptcy Case**").

10.    On April 3, 2026, Debtors filed a *Notice of Removal of Pending Lawsuit Cause No. 71D07-2301-PL-000020 to the United States Bankruptcy Court, Northern District of Indiana, South Bend Division* [Bankruptcy Case Filing No. 54] (the "**Notice of Removal**"), which removed the State Court Action to the Bankruptcy Court and initiated this Adversary Proceeding.

11.    On April 27, 2026, Debtors filed a *Motion to Assume Unexpired Ground*

3

*Lease Between Debtors* [Bankruptcy Case Filing No. 81] (the "**Debtors Assumption Motion**"), wherein Debtors are seeking to assume a certain ground lease between CCD, as landlord, and Matthews 350, as tenant.

12.    On April 27, 2026, CCD filed a *Motion to Assume Unexpired Ground Lease with Commerce Center Office Building LLC* [Bankruptcy Case Filing No. 83] (the "**CCOB Assumption Motion**"; together with Debtors Assumption Motion, the "**Assumption Motions**"), wherein CCD is seeking to assume a certain ground lease between CCD, as landlord, and Commerce Center Office Building LLC, as tenant.

13.    On May 4, 2026, the Commission filed *Plaintiff's Motion to Remand and Abstain* [Filing No. 11] (the "**Motion**"), along with a *Brief in Support of Motion to Remand and Abstain* [Filing No. 12] (the "**Remand Brief**"; together with the Motion, the "**Motion to Remand**").

14.    On May 18, 2026, the Commission filed an *Objection to Debtors' Motion to Assume Unexpired Ground Lease Between Debtors* [Bankruptcy Case Filing No. 96] (the "**Objection to Debtors Assumption Motion**").

15.    On May 18, 2026, the Commission filed an *Objection to Debtor's Motion to Assume Unexpired Ground Lease with Commerce Center Office Building, LLC* [Bankruptcy Case Filing No. 97] (the "**Objection to CCOB Assumption Motion**"; together with the Objection to Debtors Assumption Motion, the "**Commission Objections to Assumption**").

16.    On June 26, 2026, the Commission filed a Proof of Claim in the CCD case [CCD Claim No. 3] in regard to the Development Agreement ("Breach of Contract and associated Damages") in the amount of $10,879,877.00 (the "**Commission CCD POC**").

4

17.     On June 26, 2026, the Commission filed a Proof of Claim in the Matthews 350 case [Matthews 350 Claim No. 5] in regard to the Development Agreement ("Damages from Breach of Contract/Alter Ego Liability") in the amount of $10,879,877.00 (the "**Commission Matthews 350 POC**"; together with the Commission CCD POC, the "**Commission Proofs of Claim**").

**ARGUMENT**

The Commission seeks to have this case remanded back to the State Court based on either mandatory abstention under 28 U.S.C. § 1334(c)(2) or permissive abstention / equitable remand under 28 U.S.C. § 1334(c)(1) and 28 U.S.C. § 1452(b). [Remand Brief, p. 7].

Despite the Commission's best efforts to have this matter remanded so it can continue its politically motivated crusade against David Matthews in the Commission's preferred forum, this matter does not meet the requirements for mandatory abstention under 28 U.S.C. § 1334(c)(2) and this Court should not exercise its discretion to permissively remand this matter back to the State Court as "federal courts generally should exercise their jurisdiction if properly conferred [because] abstention is the exception rather than the rule". *Matter of Chicago, Milwaukee, St. Paul & Pacific R. Co.*, 6 F.3d 1184, 1189 (7th Cir. 1993).

**I.     Mandatory abstention is not required in this case.**

For mandatory abstention to be required under 28 U.S.C. § 1334(c)(2), the Commission must demonstrate "that (1) its motion was timely; (2) the proceeding is based on state law issues; (3) the proceeding is 'related to' a title 11 case but is not a core proceeding; (4) the proceedings could not have otherwise been commenced in the United

States courts but for section 1334; (5) there must be an action commenced in state court; and (6) the state action must be able to be 'timely adjudicated' in a state forum of appropriate jurisdiction." *In re Georgou*, 157 B.R. 847, 850 (N.D. Ill. 1993) (citations omitted). As 28 U.S.C. § 1334(c)(2) is phrased in the conjunctive, the Court is only required to abstain if all requirements are satisfied. *In re DeMert & Dougherty, Inc.*, 271 B.R. 821, 842 (N.D. Ill. 2001).

### A.    This matter is now a core proceeding.

Debtors acknowledge that this matter is based on state law claims, however, by filing the Commission Proofs of Claim, the Commission has transformed its state claims into a core proceeding and consented to the jurisdiction of the this Court to make a determination with respect to Plaintiff's claims. Pursuant to 28 U.S.C. § 157(b)(2)(B), allowance or disallowance of claims against the estate are core proceedings.

"[W]hether a pre-petition state law claim constitutes either a core or non-core proceeding depends upon (1) whether the creditor filed a proof of claim with the bankruptcy court, and (2) the relationship between the state action and proof of claim." *Kurz v. EMAK Worldwide, Inc.*, 464 B.R. 635, 642 (D. Del. 2011).

The issues in this matter are the identical issues raised by the Commission Proofs of Claim. The Development Agreement is the contract at issue in this matter and, as stated in the Remand Brief, "[t]he State Action is [sp] one-count claim for breach of contract under Indiana law. Furthermore, the main theories of liability as to each newly added defendants are: assignment of contractual obligations as to DMTM; alter-ego and assignment as to Matthews LLC; and joint/single enterprise as to Matthews 350." [Remand Brief, pp. 8-9].

6

The stated basis for the Commission's claim in the Commission CCD POC is "Breach of Contract and associated Damages" and attached thereto is a copy of the Development Agreement. The stated basis for the Commission's claim in the Commission Matthews 350 POC is "Damages from Breach of Contract/Alter Ego Liability" and attached thereto is also a copy of the Development Agreement. Accordingly, the issues in this matter are identical to the issues in the Commission Proofs of Claim. Concurrently herewith, Debtors are filing objections to the Commissions Proofs of Claim.

Before Debtors can either effectuate a plan of reorganization and pay creditors, the extent of Debtors' liability to the Commission, if any, with respect to this matter must first be resolved. "[W]hen the potential recovery to the claimant is contingent upon a successful resolution of the state law action, the filing of a proof of claim transforms the state action into a core proceeding." *Kurz*, 464 B.R. at 643. "[B]y invoking the jurisdiction of the bankruptcy court with respect to a state action with the same factual basis as the proof of claim, the state claim [is] transformed into a core proceeding." *Id.* at 644.

Therefore, the Commission's filing of the Commission Proofs of Claim, relying on the same factual basis and issues as this matter, has transformed this matter into a core proceeding. As the factors for mandatory abstention require that the proceeding is a non-core proceeding, mandatory abstention under 28 U.S.C. § 1334(c)(2) is not required.

Furthermore, in the event this matter is remanded back to the State Court, this Court will be tasked with making the same determinations with respect to the Commission Proofs of Claim as the State Court will have to make with respect to the Second Amended Complaint.  Having two Court's determine the same issues is not in the interest of judicial

economy and may lead to different results – which is the exact reason that Debtors removed the State Court Action to this Court in the first place.

Indeed, the Commission acknowledges that the claims set forth in this matter, which are the same as the Commission Proofs of Claim, should be all determined together as it notes in a footnote to its requested relief that "[i]f remanded, the Commission will by separate motion seek to lift the automatic stay for the purpose of adjudicating the State Action in one forum". [Remand Brief, p. 23 fn. 6].

The Commission wants only one Court to hear and decide their claims – and also wants such Court to be the Commission's preferred forum – which is why the Commission seeks to have this matter remanded.  However, mandatory abstention under 28 U.S.C. § 1334(c)(2) is not required and therefore the Court should not remand this matter.

**B.      The State Court Action will not be timely adjudicated.**

"Where a dispute exists as to whether, on a motion for mandatory abstention, the action can be timely adjudicated in state court, the moving party bears the burden of persuasion. The moving party must present to the court evidence that demonstrates that the state court action can be timely adjudicated." *In re Georgou*, 157 B.R. at 850-51 (citations omitted).

The Commission asserts that the State Court Action has been pending for over three (3) years, the State Court has conducted at least four (4) contested hearings, on August 27, 2025 the State Court set numerous case management deadlines, the State Court has absorbed the issues presented, and that removing the case at this juncture would force a new court to examine those issues that have already been litigated. [Remand Brief, pp. 9-10]. All of that may be true, and further may have satisfied the "timely

adjudicated" factor for mandatory abstention, if the Commission had not filed the Second Amended Complaint on February 5, 2026, which effectively hit the reset button on the State Court Action and all the litigation that occurred prior to the filing of the Second Amended Complaint.

The Second Amended Complaint added three (3) new defendants, one (1) of which is a debtor in the Bankruptcy Case (Matthews 350). By adding new defendants in its Second Amended Complaint, the Commission has pulled the State Court Action back to the initial pleadings stage.  None of the State Court Defendants, including Debtors, have filed an answer or otherwise responded to the Second Amended Complaint and, therefore, Matthews 350, DMTM, and Matthews LLC, if not all the State Court Defendants, are still within their allotted time to seek a change of venue and/or judge in the State Court Action.

For the avoidance of all doubt, Matthews 350, as a newly added defendant to the State Court Action, **will** seek a change of judge or change of venue in the event this matter is remanded back to the State Court. Therefore, whether it be this Court, a new judge in the State Court, or a new judge in a new state court venue, this matter will be decided by a judge that is not the judge that has been presiding over the State Court Action.

Pursuant to the *Order Establishing Deadline for Filing a Plan or a Progress Report* [Bankruptcy Case Filing No. 20], the Debtors intend to file a proposed plan and disclosure statement by July 28, 2026. While Debtors are aware that final adjudication of this Adversary Proceeding likely will not occur by July 28, 2026, Debtors can formulate and propose a plan that takes any eventual outcome into account by reference to the Adversary Proceeding overseen by this Court. However, if this matter is remanded and

9

inevitably winds up before a new judge in possibly a new venue, extensive coordination would be required between this Court and a yet to be determined new judge to effectuate any plan Debtors may propose, and further places an additional burden on the other parties to the Bankruptcy Case whose interests may be effected by the outcome thereof to also monitor a state court docket.

Accordingly, if remanded, the State Court Action will not be timely adjudicated such that this Court is required to abstain under 28 U.S.C. § 1334(c)(2).

## II.    Equitable remand is not appropriate.

In deciding whether to exercise its discretion to abstain from hearing this Adversary Proceeding, the 7th Circuit Court of Appeals has identified the following twelve (12) relevant factors for this Court to consider:

1.    The effect or lack thereof on the efficient administration of the estate if a Court recommends abstention;

2.    The extent to which state law issues predominate over bankruptcy issues;

3.    The difficulty or unsettled nature of the applicable law;

4.    The presence of a related proceeding commenced in state court or other nonbankrupty court;

5.    The jurisdictional basis, if any, other than 28 U.S.C. § 1334;

6.    The degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

7.    The substance rather than form of an asserted "core" proceeding;

8.    The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

9.    The burden of [the bankruptcy court's] docket;

10.    The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

11.    The existence of a right to a jury trial; and

12.    The presence in the proceeding of nondebtor parties.

*Matter of Chicago*, 6 F.3d at 1189.[1]

In weighing the above factors, the 7th Circuit notes that "Courts should apply these factors flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative" and "federal courts generally should exercise their jurisdiction if properly conferred and that abstention is the exception rather than the rule." *Id.*

### 1. There will be a negative effect on the efficient administration of the estate if this Court recommends abstention.

As set forth above, in the event this matter is remanded back to the State Court, the matter will effectively be reset before a new judge and possibly a new venue. Debtors will have to put on a plan of reorganization – to which the Commission will undoubtedly object on the basis that its claim isn't properly treated – without the benefit of having any resolution as to what the Commission's claim is, if any, or any definitive timeline for such a determination to be made.

This factor weighs against remand.

### 2. State law issues do predominate over bankruptcy issues, but there are bankruptcy issues.

While this matter is a breach of contract matter generally governed by state law, the Commission has caused that state law breach of contract issue to become intertwined with bankruptcy issues by the filing of the Commission Proofs of Claim and by seeking to litigate the merits of this matter in the Commission Objections to Assumption. The breach of contract claim, Commission Proofs of Claim, and Commission Objections to

---

[1] Although the *Matter of Chicago* Court was addressing abstention under 28 U.S.C. § 1334(c)(1), the purposes of remand and abstention are similar. *In re IO at Tech Ridge LP*, 646 B.R. 884, 889 (Bankr. W.D. Tex. 2018).

Assumption will need to be resolved to administer the bankruptcy estate, and this Court is best suited to resolve them all in one forum without risk of conflict between the adjudicated resolutions.

This factor weighs against remand.

### 3. The difficulty or unsettled nature of the applicable law.

This matter is a breach of contract matter at its core. This Court is more than capable of applying Indiana contract law, as Debtors are sure this Court has done many times before.

The Commission asserts that the only difficult area of substantive Indiana law in this matter concerns whether the liquidated damages provision is unenforceable as a penalty. [Remand Brief, p. 15]. The Commission argues that the State Court has already considered that argument in regard to a motion to dismiss filed by CCD, which the State Court rejected nearly 3 years ago, but that it could be revisited and the State Court is already familiar with the relevant cases and arguments. However, the State Court's familiarity with that issue is irrelevant because the judge that previously decided that issue will not be hearing it again if this matter is remanded, as Matthews 350 will move for a change of judge or venue.

Furthermore, as is the case with any motion to dismiss, the particular motion to dismiss filed by CCD was determined based on the standards applicable under Rule 12 of the Indiana Rules of Trial Procedure. However, a determination on the merits will require a determination under different rules and standards than that of a motion to dismiss, whether that be at the state court level or in this Court.

This factor weighs against remand.

**4.      There is no related proceeding in another court.**

The State Court Action was the only proceeding in another court between these parties and in regard to the Development Agreement, but such has been removed to this Court.

As the State Court Action is no longer pending in a state court or other nonbankruptcy court, this factor is either neutral or weighs against remand.

**5.      The only jurisdictional basis exists under 28 U.S.C. § 1334.**

Debtors stipulate that the only jurisdictional basis for this matter to be in this Court is under 28 U.S.C. § 1334.

This factor weighs in favor of remand.

**6.      The degree of relatedness or remoteness of the proceeding to the bankruptcy case weighs heavily against remand.**

As set forth in the *Declaration of David Matthews in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Bankruptcy Case Filing No. 13], Debtors were unable to refinance their obligations to their largest creditor, KeyBank National Association, in large part due to the Commission's State Court Action, which led to Debtors' bankruptcy filings.

The Commission concedes there is some relatedness to this matter and the Bankruptcy Case. [Remand Brief, p. 17]. However, the Commission's attempt to make this factor neutral as to remand based on Debtors not seeking to remove the KeyBank foreclosure proceeding fails. Debtors have not sought to remove the KeyBank proceeding to this Court because KeyBank has agreed to not pursue that action at this time while this Bankruptcy Case runs its course, as KeyBank is aware that the Commission's actions are the cause of Debtors' inability to refinance.

13

This matter is the reason the Bankruptcy Case was filed. Furthermore, the Commission has used this matter to contest the Assumption Motions, which merely sought to maintain the status quo in regard to leases that the Commission is not a party to.

This factor weighs heavily against remand.

**7.    The substance rather than form of this core proceeding.**

Although this matter is now a core proceeding based on the Commission's filing of the Commission Proofs of Claim, Debtors concede that the issues remain state court claims and therefore the transformation to a core proceeding may be more form over substance. Nevertheless, this matter must be resolved to effectuate any plan Debtors propose.

Therefore, while this factor is either neutral or may weigh in favor of remand, the Court should decline to remand this matter based on the necessity of resolution of the Commission Proofs of Claim which as set forth above contain the exact same claims as.

**8.    It is not feasible to sever the state law claims from core bankruptcy matters.**

Despite the Commission's argument to the contrary, it is not feasible to sever the state law claims in this matter from the core bankruptcy matters. The Commission acknowledges as much in footnote 6 on page 23 of the Remand Brief, which again indicates that the Commission will "seek to lift the automatic stay for the purpose of adjudicating the State Action in one forum".

This Court will be the Court to rule upon Debtors' objections to the Commission Proofs of Claim, which will involve a determination on the same facts and claims asserted in this matter. Thus, there is a risk of conflicting rulings in the State Court Action (if

14

remanded) and on the Commission Proofs of Claims, which makes severing the state law claims from core bankruptcy matters unfeasible.

This factor weighs against remand.

**9.      Presumably, this matter would not be a burden on this Court's docket.**

As asserted by the Commission in the Remand Brief, less than a year ago this Court did an analysis of these factors in another matter and determined this Court's docket would not be burdened by hearing that case. *See In re Maxie,* Case No. 24-31402-pes (Bankr. N.D. Ind. July 22, 2025). Presumably, this Court would similarly not be burdened by hearing this matter, particularly in light of the fact that this Court will have to determine the Debtors objections to the Commission Proofs of Claim.

This factor weighs against remand.

**10.    Debtors are not forum shopping.**

The Commission argues that three (3) facts suggest that Debtors are forum shopping – (1) CCD faced adverse rulings (none of which were on the merits) in the State Court Action prior to filing the Bankruptcy Case, (2) removal would give the bankruptcy court jurisdiction over claims against nondebtors, and (3) if Debtors were concerned about the effect of judgment on the bankruptcy estate, they would have removed the KeyBank lawsuit as well.

Debtors acknowledge that there were rulings in the State Court Action against CCD prior to the filing of the Bankruptcy Case, but that was when CCD was the only defendant in the State Court Action. The Commission fails to appreciate the impact its hitting of the reset button by filing the Second Amended Complaint had on Debtors. The Commission seems to be implying that Debtors filed their petitions in bad faith, because otherwise the

Commission would be asserting that Debtors should allow the State Court Action to remain stayed while Debtors work through the bankruptcy process or that Debtors should just consent to the stay being lifted such that Debtors would be attempting to reorganize while also separately litigating in State Court a matter that may have the largest impact on Debtors ability to reorganize.

As the Commission had restarted a lawsuit that had already been dragging on for three (3) years, there was little possibility of getting to a ruling on the merits any time soon. Debtors knew that, and KeyBank knew that. At the same time the Commission was filing its Second Amended Complaint, KeyBank had a pending motion for the appointment of a receiver over Debtors, which KeyBank had graciously agreed to continue the hearing on while Debtors tried to locate workable refinancing options. However, Debtors could not refinance the KeyBank debt precisely because of the State Court Action. With no potential resolution to the State Court Action on the horizon, which meant Debtors would not be able to refinance any time soon, KeyBank had no choice but to move forward with seeking the appointment of a receiver, unless Debtors filed for bankruptcy.

Debtors filed for bankruptcy out of necessity and for the legitimate purpose of reorganizing. As previously mentioned, KeyBank has agreed to allow its foreclosure proceeding to remain stayed for the time being and is not trying to hinder Debtors reorganization efforts, unlike the Commission which has opposed the Debtors assuming performing leases that create the structure upon which all of Debtors revenue is generated.

Further, Debtors did not remove the State Court Action to this Court "to give the bankruptcy court jurisdiction over claims against nondebtors", that is just the natural result

16

of removal. That does not imply forum shopping, it is just the way this process functions.

The question that must be asked is whether the Commission is the party that is engaging in a form of forum shopping. It is not unreasonable to infer that the Commission, a commission of the City of South Bend, is receiving favorable treatment in St. Joseph Superior Court. In fact, the first judge assigned to the State Court Action recused himself because his "spouse participated in deliberations and official action regarding the subject matter of this litigation while she was a member of the South Bend Common Council". [*see Order of Recusal* entered in the State Court Action on January 30, 2023]. Additionally, and as previously argued, the Commission acknowledges that only one Court should hear this matter [*see* Remand Brief, p. 23 fn. 6], and has all but articulated to this Court that its preferred venue is the State Court.

This factor is neutral, as Debtors filed the Bankruptcy Case in good faith and desiring to have all controversies heard by the bankruptcy court is not forum shopping, it is one of the basic tenants of bankruptcy.

**11.    No jury trial has been demanded in the State Court Action.**

No jury trial has been demanded in the State Court Action, therefore, this factor should weigh against remand.

**12.    There are nondebtor parties present.**

While there are nondebtor parties present in this matter, their involvement is solely tied to the dispute between the Commission and CCD. Indeed, there is only one contract and it is between only the Commission and CCD, not any of the other parties. The Commission is seeking to hold those nondebtor parties liable for alleged breaches of a contract they were not a party to, thus, their involvement does not have a significant

17

impact on the outcome of the matter.

The Commission argues that the nondebtor parties "are essentially piggybacking the debtors into bankruptcy court, enjoying the benefits of the automatic stay". That argument is counterintuitive. If Debtors were seeking to have the nondebtor parties enjoy the benefits of the automatic stay, why would Debtors have removed the State Court Action to this Court so that it can be litigated without implicating the automatic stay?  The answer is that Debtors would not have, rather they would have asserted that a determination as to the other parties could not occur without a determination that affects Debtors and therefore the entire State Court Action must be stayed.

This factor is neutral.

## **CONCLUSION**

Based on the foregoing, this matter does not meet the requirements for mandatory abstention under 28 U.S.C. § 1334(c)(2). Additionally, as set forth herein based on the twelve factors considered by courts when determining whether to exercise jurisdiction or abstain a majority of the factors are either neutral or weigh against remanding this matter as follows:

| Factor | In Favor | Neutral | Against |
|---|---|---|---|
| #1 – Effect on Efficient Administration | | | X |
| #2 – State Law Issues Predominate over Bankruptcy Issues | | | X |
| #3 – Difficulty or Unsettled Nature of Applicable Law | | | X |
| #4 – Presence of Related Proceeding Commenced in State Court | | X | X |
| #5 – Jurisdictional Basis other than 28 U.S.C. § 1334 | X | | |
| #6 – Degree of Relatedness to Main Bankruptcy Case | | | X |
| #7 – Substance Rather than Form of "Core" Proceeding | X | X | |

18

| | | | |
|---|---|---|---|
| #8 – Feasibility of Severing State Law Claims from Bankruptcy Matters | | | X |
| #9 – Burden on the Bankruptcy Court's Docket | | | X |
| #10 – Forum Shopping | | X | |
| #11 – Existence of Right to Jury Trial | | X | |
| #12 – Presence of Non-Debtor Parties | | X | |

As result, this Court should not exercise its discretion to permissively remand this matter back to the State Court as "federal courts generally should exercise their jurisdiction if properly conferred [because] abstention is the exception rather than the rule". *Matter of Chicago*, 6 F.3d at 1189.

WHEREFORE, Debtors/Defendants, Matthews 350 E LaSalle LLC d/b/a 300 E. LaSalle d/b/a 300 East LaSalle and Commerce Center Development, LLC, by counsel respectfully request the Court deny the Redevelopment Commission of the City of South Bend, Indiana's Motion to Remand and Abstain, and grant Debtors all other relief deemed just and proper.

Respectfully submitted,

*/s/ Weston E. Overturf*
Weston E. Overturf, Atty. No. 27281-49
Anthony T. Carreri, Atty. No. 36107-49
Kroger, Gardis & Regas, L.L.P.
111 Monument Circle, Suite 900
Indianapolis, IN 46204
(317) 777-7443
WOverturf@kgrlaw.com
ACarreri@kgrlaw.com

*Attorneys for Debtors/Defendants, Matthews 350 E LaSalle LLC d/b/a 300 E. LaSalle d/b/a 300 East LaSalle and Commerce Center Development, LLC*

19

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

- **Matthew Anderson**    manderson@maylorber.com
- **Miranda Bernadac**    mbernadac@tbmattorneys.com, tvonstamwitz@tbmattorneys.com
- **Anthony Thomas Carreri**    ACarreri@kgrlaw.com, dg@kgrlaw.com;lstella@kgrlaw.com
- **Christopher C. Hagenow**    chagenow@tbmattorneys.com, tvonstamwitz@tbmattorneys.com
- **Katherine Everett Iskin**    kiskin@maylorber.com, MayOberfellLorber@jubileebk.net
- **Marcellus Lebbin**    lebbin@gmail.com
- **Weston Erick Overturf**    woverturf@kgrlaw.com, dg@kgrlaw.com;lstella@kgrlaw.com

I further certify that on July 2, 2026, a copy of the foregoing was mailed by first class United States mail, postage prepaid, and properly addressed to the following:

US Trustee
100 East Wayne Street
5th Floor
South Bend, IN 46601

/s/ Weston E. Overturf
Weston E. Overturf