UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| In the Matter of: | |
| | |
| Matthews 350 E LaSalle, LLC | Case No. 26-30288-pes |
| *Debtor(s)* | Chapter 11 |
| Commerce Center Development, LLC | |
| *Debtor(s)* | (Jointly Administered) |
| | |
| Redevelopment Commission of the City of South Bend, Indiana, | |
| *Plaintiff*, | |
| | |
| v. | Adv. Pro. No. 26-3011-pes |
| | |
| Commerce Center Development, LLC; Matthews 350 E LaSalle, LLC; DMTM, Inc.; and Matthews LLC, | |
| *Defendants*. | |

**PLAINTIFF'S REPLY TO DEBTORS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND ABSTAIN**

The South Bend Redevelopment Commission, Plaintiff in the underlying removed action (the "Commission" or "Plaintiff"), submits this Reply to *Debtors' Response in Opposition to Plaintiff's Motion to Abstain and Remand* (the "Response", ECF No. 28).

## I.  SUMMARY OF ARGUMENT

In the Response, Debtors fail to establish sufficient legal support for their primary argument: that the Bankruptcy Court has core jurisdiction over the removed State Action because the Commission filed proofs of claim. In addition, Debtors threaten to take procedural steps to purposely hinder the timeliness of the adjudication of the State Action if remanded and rely on this self-generated hinderance as a reason why abstention is improper.

Attempting to establish a theme for their arguments against remand, Debtors state that Bankruptcy Court should not remand "as federal courts generally should exercise their jurisdiction if properly conferred **[because]** abstention is the exception rather than the rule." (ECF No. 28 at 5 and 19.)  Debtors misquote the case cited in support, replacing "and that" with "because," thus creating a false causal relationship (and an illogical one at that) in hopes of portraying the Commission's request for remand as extreme and rare. The issue is not how rare abstention is, but rather whether federal jurisdiction has been properly conferred. In their Response, Debtors fail to establish that it is.

Lastly, Debtors' desperate arguments in support of remaining in Bankruptcy Court, combined with threats to seek a new judge and/or venue if the State Action is remanded, further prove that Debtors are forum shopping.

For these reasons, the Court should remand the State Action back to the State Court based on either: 1) mandatory abstention under 28 U.S.C. § 1334(c)(2); or 2) equitable remand under 28 U.S.C. § 1452(b).

## II. ARGUMENT

This case should be remanded to the State Court (Superior Court No. 7 of St. Joseph County, Indiana) based on either mandatory abstention under 28 U.S.C. § 1334(c)(2), or permissive abstention / equitable remand under 28 U.S.C. § 1334(c)(1) and 28 U.S.C. § 1452(b). The Debtors fail to refute that the requirements for mandatory abstention are met and, despite arguments to the contrary, fail to establish that the factors for permissive abstention weigh in favor of Bankruptcy Court jurisdiction.

### A. The Requirements for Mandatory Abstention under § 1334(c)(2) Are Met.

Debtors contend that the requirements for mandatory abstention under § 1334(c)(2) are not met because (1) the State Action is a core proceeding and, (2) upon remand, the State Court could not adjudicate the matter in a timely fashion. Support for these assertions lies on thin legal principles, fortuitous timing, and a threatened hindrance of the Debtors' own making.

#### 1. *The State Law Action is a Non-Core, "Related to" Proceeding*

Debtors assert that under the rule in *Kurz v. EMAK Worldwide, Inc.*, 464 B.R. 635 (D. Del. 2011), the Commission transformed the State Action from a non-core proceeding into a core proceeding by filing the proofs of claim against the Debtors. Significantly,

Debtors fail to make a complete statement of law to support this conclusion, only stating that transformation depends on the filing of a proof of claim and the relationship between the state law claim and the proof of claim. (ECF No. 28 at 6.) Debtors provide little legal support establishing what type of relationship is required or why filing a proof of claim can have such an effect on a non-core proceeding. Debtors simply conclude that transformation has occurred. (ECF No. 28 at 6-7.)

Debtors fail to cite any relevant caselaw from the 7th Circuit in support of their argument. While the 7th Circuit does not yet appear to have addressed the issue of transformation, it runs contrary to well-established principles on core vs. non-core proceedings in this Circuit. Compared to other circuits, our Circuit narrowly confers jurisdiction to federal bankruptcy courts and, accordingly, narrowly construes "core" issues. *In re Kropp Equip. Inc.*, 2010 Bankr. LEXIS 3360, 15-16 (2010).

A core proceeding is one that invokes substantive rights under the federal bankruptcy law and "by its nature, could arise only in the context of a bankruptcy case." *Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir. 1990), quoting *In re Wood*, 825 F.2d 90 (5th Cir. 1987). A proceeding that does not depend on bankruptcy laws and could proceed in another court absent bankruptcy is not a core proceeding. *In re Wood*, 825 F.2d at 96. Proceedings based on state-created rights are not core proceedings. *See Id.* at 97. Accordingly, state law contract law issues are non-core proceedings. *Id.* Debtors grapple

with none of this, relying solely and insufficiently on *Kurz*, particularly given the dispute here between non-debtors and a municipality.

Furthermore, the procedural circumstances in this case are distinguishable from *Kurz*. In *Kurz*, the plaintiff initiated an action in the Delaware State Chancery Court to compel enforcement of an agreement between it and the defendant. 464 B.R. at 638. *A month later*, the defendant voluntarily filed for relief under chapter 11 of the U.S. Bankruptcy code. *Id.* at 639. Plaintiff then filed a proof of claim in the bankruptcy proceeding, asserting indemnification. *Id.* Then, almost nine months after filing the petition, the defendant removed the plaintiff's state court proceeding to bankruptcy court. *Id.*

Here, in contrast to *Kurz*, Debtors filed for chapter 11 after years of litigation of the state law action and, remarkably, almost immediately removed the state court action to Bankruptcy Court after petitioning for relief, bringing with it two non-debtor defendants.[1] In response, the Commission, in its first filing of the bankruptcy, filed a statement objecting to the Bankruptcy Court's jurisdiction over the state action and then shortly after, filed the motion to remand the action back to state court. Months later, on June 26, 2026, the Commission filed its proof of claims against the Debtors.

---

[1] All the defendants in the state action, except for CCD, are solely owned by David M. Matthews. Further, only the Debtors have meaningfully participated in the bankruptcy proceeding; the non-debtor parties have not even filed a response to the Commission's Motion for Remand.

In *Kurz*, the plaintiff's first action in the bankruptcy was to file a proof of claim, months before the state action was voluntarily removed to the bankruptcy court. *See id*. at 639. The Commission, however, first filed a statement explicitly rejecting this Bankruptcy Court's jurisdiction to decide the State Action and then filed its Motion to Remand. The Commission only filed proofs of claim well after the State Action was removed. It did not do so to validate the bankruptcy, but was compelled under F.R.B.P 3003(c)(2) to file because the Debtors scheduled the Commission's interest as "disputed" and the value "unknown."[2]

Had the Commission not filed its proofs of claim, it would have directly forfeited substantial rights in the bankruptcy. Further, under F.R.B.P. 3004(a), the Debtors could have filed a proof of claim in any amount for the Commission, had it failed to do so. As such, the Commission's proofs of claim were filed defensively and as a last resort to preserve substantial rights. The 9th Circuit has held that a creditor does not consent to the jurisdiction of the bankruptcy court by filing a proof of claim when the creditor files the proof of claim defensively and as a last resort. *In re Castlerock Properties*, 781 F.2d 159, 163-64 (9th Cir. 1986).[3] Put differently, in certain instances, when a proof of claim is not filed voluntarily, it does not confer jurisdiction on the bankruptcy court. Just as the

---

[2] The Commission's interest was scheduled as a "disputed." Under F.R.B.P.3003(c)(2), creditors whose interest is scheduled as disputed *must* file a proof of claim to preserve certain rights.

[3] Worth noting, too, that the state law contract claims at issue in *Castlerock* were held to be non-core. Despite the creditor filing a proof of claim, the court did not consider whether the non-core proceeding was transformed into a core proceeding, as Debtors ask this court to.

creditor in *Castlerock*, the Commission was compelled to file a proof of claim by the actions of the Debtors. This should not be construed as the Commission consenting to or conferring jurisdiction on the Bankruptcy Court to decide the State Action.

Without a doubt, Debtors' argument for transformation to core proceeding benefitted significantly from the timing of the various filings. At the time the Commission moved for remand, it had not yet filed the respective proofs of claim. Debtors' transformation argument would have been impossible to make both when the Debtors removed the action and when the Commission filed its Motion for Remand. In both of those filings (Notice of Removal and Motion to Remand), Debtors and the Commission conceded that the State Action was a "related to," non-core proceeding. Had Debtors not sought an extension of time to file their response or had the Commission not agreed to the scheduling order, that response would have been due before the Commission faced a deadline to file proof of claim, and Debtors would have had no basis to argue transformation.

An extension of time to file a response does not create federal jurisdiction. The argument that the State Action is a core proceeding is not based on the substance of the matter itself but instead a procedural happenstance of which the Debtors seek to take advantage. In light of this and the defensive nature of the Commission's filing the proofs of claim, the State Action was not transformed into a core proceeding.

**2.** *The State Action Can be Timely Adjudicated in State Court.*

Debtors argue that if remanded, the State Court would not be able to timely adjudicate the matter because Matthews 350 will seek a change of judge or venue. (ECF No. 28 at 9). This argument is not based on any substantive facts but rather is a "self-inflicted wound" that directly conflicts with their interests in the administration of the bankruptcy estate. For these reasons alone, the Debtors' arguments should fail.

Debtors' argument presents a contradiction: seemingly in the same breath that Debtors threaten to reset the litigation by seeking a new judge or new venue if remanded, they bemoan the fact that the Commission's filing of the Second Amended Complaint reset the litigation and thus defeated the requirement for timely adjudication. (ECF No. 28 at 9). These so-called "resets" are not equivalent. The Commission's Second Amended Complaint was not filed for the purpose of delaying that litigation. In fact, the State Court granted the Commission's Motion to Amend but did not modify the case scheduling order. In contrast, Debtors' threat to change judge or venue because of a newly-added defendant (owned by the same individual) is undoubtedly an effort to delay a decision on the merits or blatant forum shopping.

In reality, the State Court has aptly handled all aspects of the matter thus far and has demonstrated no indication of not being capable of doing so upon remand. The State Court is the sole forum that is, at this point, familiar with the parties, substantive issues,

and posture of the litigation. Remand to the State Court is the only option for a timely adjudication of the State Action.

In light of the foregoing, the requirements for mandatory abstention under § 1334(c)(2) are met. The proceeding is a non-core proceeding and the state court is the only court positioned to adjudicate the issue in a timely manner.

## B. The Factors Weigh in Favor of Permissive Remand

Even if mandatory abstention were not required, equitable remand under 28 U.S.C. § 1452(b) is still overwhelmingly supported in consideration of the factors at issue.

### 1. *Remand would improve the efficiency of administration*

Similar to their arguments for the timely adjudication requirement, Debtors argue that remand would result in inefficient administration because Debtors will seek a change of judge or venue. (ECF No. 28 at 11.) As emphasized above, any "inefficiency" would be a result of the Debtors' own actions and not caused by the State Court's inability to reach a decision on the merits in a timely fashion. Debtors can't rely upon their own threat to delay the action to prove that it would not proceed efficiently.

Further, when a state law action has been pending in state court for a significant period of time and the parties have engaged in extensive discovery and motion practice, efficient administration of the bankruptcy estate is served by remand to the state court. See *In re Anderson*, 670 B.R. 528, 548 (Bankr. S.D. Ohio 2025) (holding that despite the state-law claims being "core" proceedings, permissive abstention was appropriate for a

number of factors including efficient administration of the bankruptcy estate, state-law issues predominating, and likelihood of forum shopping). In the exact same way, efficient administration of the Debtors' bankruptcy estate is only served by remand to the State Court given its unique familiarity with the parties and issues after years of litigation.

This factor weighs in favor of remand.

**2.** *State law issues overwhelmingly predominate.*

The State Action is a state law breach of contract claim regarding a municipality and public funds. No right associated with the State Action is created by federal law. Debtors assert that the bankruptcy court is "more than capable of applying Indiana contract law," again relying on the argument that the proof of claim has brought the state law contract issue within the court's core jurisdiction. (ECF No. 28 at 11-12).

When removed claims are governed exclusively by state law and invoke no substantive right created by federal law or federal bankruptcy law, respect for state law and the interest of comity with state courts heavily favor abstention. *Charles Schwab & Co. v. Girod Loanco LLC*, No. 19-13099, 2020 U.S. Dist. LEXIS 100598, at 6 (E.D. La. 2020). Whether a court is capable of applying a given set of state laws is not the concern of the analysis for abstention. Rather, the question is whether the state law issues predominate to such an extent that it would be an affront to state law and comity with state courts for a federal bankruptcy court to exercise its jurisdiction over the issues. Debtors' assertion of the Bankruptcy Court's capability neglects the heart of the issue. Here, it is

overwhelmingly clear that the only issues before the court are state law issues which should properly be decided by the State Court.  This weighs in favor of remand.

### 3.   *Unsettled state law should be determined by the State Court.*

Debtors argue that the difficulty of any unsettled law is ultimately irrelevant because, whether the State Action is remanded or not, a new judge will be determining the issue. This again misses the issue: an unsettled matter of state law should be decided by a state court. This also omits the fact that the issue of a new state court judge is hypothetical, and would only be done at Defendants' request. This factor weighs in favor of remand.

### 4.   *The State Action is a related proceeding commenced in State Court.*

The State Action was commenced in state court and as described above is a "related to" proceeding. It also involves two non-debtor entities who receive the benefit of removal, like tolled discovery deadlines, while not even opposing remand. This factor weighs in favor of remand, particularly as there is no reason for the non-debtor entities to remain given their benefit while not participating.

### 5.   *The degree of relatedness of the proceeding to the main bankruptcy case is likely at most a neutral factor*

Debtors have provided no evidence of their assertion that "the Commission's actions are the cause of Debtors' inability to refinance" outside of Mr. Matthews' perception. Debtors admit that the State Action is "the reason the Bankruptcy Case was

filed." *Debtors' Response, D.E. 29, p.13-14*. The Debtors then conflate the filing of the underlying chapter 11 with the removal of the State Action.

The Debtors implicitly acknowledge that the State Action must be decided in some forum. The fact that the Debtors' rights and obligations exist under chapter 11 is not an excuse to force their perceived more favorable forum for litigation regarding public funds upon a local municipal entity, all while bring two non-debtors along for the ride.

**6.** *The Substance of the State Action is a State Law Claim.*

As detailed above, Debtors' claim that the Bankruptcy Court should have jurisdiction over the State Action is one purely of form and not of substance. Debtors concede that this issue remains one of state contract law and their argument to "core" jurisdiction rests on a procedural anomaly, not a substantive change in the issue itself. Their position that this matter "must be resolved to effectuate any plan" ignores the universe of options available for resolving disputed matters while proposing a plan, unless the plan is simply a guise for forum shopping. This weighs in favor of remand.

**7.** *Severability of State Law Claims*

Debtors' assertion, that the state law claims are now so intertwined with the bankruptcy that the issues cannot be severed, presumes that the issues are core and ignore that the state law claims have and will continue to stand alone. The Redevelopment Commission does not consent to this matter being litigated elsewhere than state court, which is best suited to reach a judgement. The implications of said

judgment (as to the Debtors only) can be left to the bankruptcy court. This factor weighs in favor of remand.

### 8. *Burden on the Court's docket*

The matter in *Maxie* involved removal of one single eviction proceeding from Small Claims Division. The lack of impact on the bankruptcy court's docket to hear one tenant's objections to eviction is not analogous to years'-long, multimillion-dollar litigation. Regardless, the court is in the best position to evaluate a burden on its docket.

### 9. *Debtors are indeed Forum Shopping*

In defense of their own actions and allegations of forum shopping, Debtors argue that the Commission is the one forum shopping. (ECF No. 28 at 15). Debtors insinuate that because the Commission is an entity of the City of South Bend, it is somehow receiving some type of home-field advantage in the state court forum. (ECF No. 28 at 16). Debtors seem to forget that they, too, are both located and operate in the City of South Bend. Seeking remand to the court where the State Action was originally filed and litigated for years can hardly be equated to forum shopping.

In contrast, the Debtors' actions and explicit public comments indicate a desire to seek a more favorable forum than State Court. When the State was nearly ready to decide the merits of the case, Debtors filed bankruptcy. Before any other party participated in the bankruptcy proceeding, they sought to remove the State Action to bankruptcy court. Debtors' failure to remove the other pending litigation against their largest creditor and

the swiftness with which the State Action was removed seem to indicate a desire to create a new and perceived favorable forum to resolve the State Action.  Public comments made by Mr. Matthews regarding the bankruptcy filing further illuminate the Debtors' view of the matter: "So how do we protect ourselves? Where can we go for help? This is, you know, the county, state courts. So we go to the feds." (ECF No. 12, Exhibit 1, p. 10, lines 19-21).

Now that their attempt to seek a new forum is under threat, Debtors do not raise substantive arguments about why remand is improper but instead rely on thinly supported arguments that came about from happenstance. They threaten to bog down the state court proceedings on remand by seeking a new judge or venue.  Debtors' actions in relation to the bankruptcy, public comments about distrust of the state courts, and threatened actions if the matter were to be remanded, taken as a whole, compel the conclusion that Debtors are forum shopping.

This factor weighs heavily in favor of remand.

**10.** *Presence of Non-debtor Parties weighs in favor of remand.*

Debtors contend that the presence of the non-debtor parties is merely a result of the process and does not impact the Bankruptcy Court's ability to decide the matter. (ECF No. 28 at 17-18) As the Commission has maintained, the non-debtor parties are enjoying some protections of bankruptcy while carrying none of the burdens. The non-debtors have produced no information whatsoever, all while discovery is stayed.

Worth noting as well, the non-debtor parties, despite being party to the State Action removed to the Bankruptcy Court by their fellow defendants, have not responded to the Commission's motion to remand. The non-debtor parties have arguably not consented to the Bankruptcy Court's jurisdiction over the state law claim either. Regardless, if the matter is as simple as defeating a veil-piercing action by the non-debtor entities, that has nothing to do with the Debtors' plan, and has no place being heard in bankruptcy court. The Debtors' insistence of including the non-debtor parties is also further evidence of forum shopping. The presence of non-debtor parties in the bankruptcy litigation weighs heavily in favor of remand.

## IV. CONCLUSION

WHEREFORE Plaintiff, the Redevelopment Commission of the City of South Bend, Indiana respectfully requests that the Court enter an Order abstaining from the exercise of jurisdiction in this case, remanding the State Action to the St. Joseph County Superior Court as to all parties, and granting all other just and proper relief.

Dated: July 30, 2026

Respectfully Submitted,

*/s/ Katherine Iskin*
Katherine E. Iskin (33679-71)
Matthew J. Anderson (27511-71)
**MAY OBERFELL LORBER LLP**
4100 Edison Lakes Parkway, Suite 100
Mishawaka, IN 46545
Telephone: 574-243-4100
E-mail: kiskin@maylorber.com
        manderson@maylorber.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 30, 2026, a copy of the foregoing was filed electronically with the Clerk using the CM/ECF System, which sent notification of such filing to all counsel of record.

*/s/ Katherine Iskin*
Katherine Iskin (33679-71)
